```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JERRY DEJESUS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| | Civil No.  05-939 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

APPEARANCES:

Jerry DeJesus, #40321-050
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro Se

Christopher Christie
United States Attorney
    By:  R. Stephen Stigall
            Assistant United States Attorney
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101

**SIMANDLE**, District Judge:

I. Introduction

    Petitioner, Jerry DeJesus, was sentenced by the undersigned to a term of imprisonment of 110 months following a jury trial on one count of gun possession by a convicted felon in violation of 18 U.S.C. §922(g)(1).  Petitioner now brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2255,[1] arguing that (1)

---

[1] 28 U.S.C. § 2255 permits a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" if "the sentence was imposed in violation of the constitution."

his sentence violated <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), because the trial court did not submit the sentencing factors to a jury, (2) he received ineffective assistance of counsel because his counsel did not cross-examine certain witnesses and failed to raise a <u>Booker</u> objection to the enhanced sentence, and (3) the trial court admitted expert testimony from a lay witness violating the Federal Rules of Evidence.  For the reasons expressed below, all three of Petitioner's claims fail.

II.  <u>Background</u>

On October 2, 2001 Jerry DeJesus was tried before the undersigned in the District of New Jersey on one count of gun possession by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).  (Crim. No. 99-728.)  The Government called two witnesses at trial, a federal firearms expert and the arresting officer, both of whom Petitioner's trial counsel cross-examined.  On October 4, 2001 the Court declared a mistrial after the jury was unable to reach a verdict.  (<u>Id.</u>)

On October 9, 2001 the retrial commenced.  The Government presented six witnesses.  In addition to the two witnesses called at the first trial, the Government called two officers involved with the arrest and two witnesses who testified as to the origin of the firearm.  On October 12, 2001 the jury returned a guilty verdict.  On January 25, 2002 the undersigned sentenced

Petitioner to 110 months, which included an upward enhancement based on two aggravating factors.[2]

Petitioner then filed a timely notice of appeal with the Third Circuit, arguing that the Government violated Batson v. Kentucky, 476 U.S. 79 (1986), by striking jurors based on religious activity, and that the sentencing enhancement was improper.  The Third Circuit affirmed the judgment of conviction, United States v. DeJesus, 347 F.3d 500 (3d Cir. 2003), and the Supreme Court denied a writ for certiorari by order dated June 16, 2004.  (Supreme Ct. Docket No. 03-8172.)  On February 17, 2005, Petitioner timely filed the instant petition under § 2255.[3]  For the reasons now explained, the Petition will be denied in its entirety.

III.  Discussion

    A.  Upward Adjustment of Sentence

The base offense level for violation of § 922(g)(1) is level twenty where the previous felony is a controlled substance

---

[2] Petitioner's base offense level would have been fifty-one to sixty-three months.  The sentence was enhanced because of the following aggravating factors: (1) a four level increase due to possession of a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(5); and (2) a two level increase due to obstruction of justice.  (Pre-sentence investigation report.) These increases led to a Guideline range of 110-120 months. (Sentencing Tr. at 17.)

[3] In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), Petitioner DeJesus also filed an amended complaint supplementing his original, and all claims are considered herein.

offense, see U.S.S.G. § 2K2.1(a)(4)(A).  At his sentencing, the Court found an upward enhancement on the basis that Petitioner's gun possession was in connection with another felony offense (car theft and receiving stolen property), increasing four levels pursuant to U.S.S.G. § 2K2.1(b)(5). (Sentencing Tr. at 6.)  In addition, the Court enhanced the Petitioner's sentence two levels for obstruction of justice for leading police on a high-speed chase.  (Am. Pet. at 3 (citing Petitioner's PSR criminal history computation).)  Petitioner maintains that his Sixth Amendment right to trial by jury was violated because these enhancements were not proven to a jury beyond a reasonable doubt, contrary to the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker.  For the reasons now explained, Mr. DeJesus will not be granted relief under § 2255 for his enhanced sentence.

The Supreme Court in Apprendi held that enhancing a sentence beyond the statutory maximum for factors not found by a jury (other than the fact of prior conviction) violates the Sixth Amendment.  530 U.S. at 490.  In Booker, decided on January 12, 2005, the Court extended its holding in Apprendi to the Federal Sentencing Guidelines ("Guidelines").  125 S.Ct. at 748.  The Court held that the Guidelines violated the Sixth Amendment by requiring judges to enhance sentences for aggravating factors that were not submitted to a jury or proven beyond a reasonable

4

doubt. Id. at 750. However, Booker preserved the Guidelines by making them advisory rather than mandatory, allowing judges to exercise their discretion when determining the appropriate sentence utilizing all factors stated in 18 U.S.C. § 3553(a). Id. at 758.

As DeJesus's conviction was final and no longer on appeal prior to Booker, the sole issue to be decided here is whether Booker applies retroactively to cases upon collateral review. It does not. In Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), the Third Circuit explained that new rules of criminal procedure are not retroactive to cases upon collateral review, unless they satisfy the limited exceptions articulated by the Supreme Court in Teague v. Lane, 489 U.S. 288 (1989). To apply retroactively, a law must be a new, "watershed [rule] of criminal procedure implicating fundamental fairness and accuracy of the criminal proceedings." Lloyd, 407 F.3d at 612, quoting Beard v. Banks, 124 S.Ct. 2504, 2513 (2004). The Third Circuit, as well as all other Circuits, held that Booker is not a "watershed" rule because it does not fundamentally alter the sentencing process: the Guidelines, though now advisory, still generally apply. Lloyd, 407 F.3d at 615. Therefore, Booker does not apply retroactively to cases upon collateral review under § 2255.[4]

---

[4] Petitioner's suggestion in his supplemental brief that counsel was deficient for failing to impose an Apprendi objection at the time of sentencing in 2002 is incorrect. The present

DeJesus's conviction became final on June 7, 2004 when the Supreme Court denied his petition for a writ of certiorari. (Supreme Ct. Docket No. 03-8172.)  Booker was decided on January 12, 2005, six months after Petitioner's conviction became final. 125 S.Ct. 738 (2005).  Since Booker is not retroactive to cases on collateral review where the judgment was final before Booker was decided, it does not provide an avenue of relief for Petitioner under § 2255.

    B.   Ineffective Assistance of Counsel

Next, Petitioner argues that his sentence should be vacated because he was denied effective assistance of counsel in violation of the Sixth Amendment.  Specifically, Petitioner claims that his trial counsel was ineffective because (1) she failed to cross-examine Government witnesses who testified as to the firearm's origins, and (2) she failed to object to the District Court's enhancement of the sentence.  (Pet. at 7 and 13.)  Petitioner fails to prove that he was denied effective assistance of counsel and, therefore, the Court will not grant relief under § 2255 for this claim.

In order to succeed under § 2255 based upon ineffective assistance of counsel, a petitioner must show that (1) counselor's performance was deficient, and (2) that the deficient

---

petition presents no Apprendi issue because the sentence did not exceed the statutory maximum of ten years under 18 U.S.C. § 924(a)(2).

performance prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In deciding the first prong a court should be highly deferential to counsel's performance and should allow a wide range of latitude for counsel's tactical and strategic decisions.  Id. at 689.  As long as counsel's representation is not "outside the wide range of professionally competent assistance" it should not be considered deficient.  Id. at 688.  To satisfy the second prong, the petitioner must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; showing merely that the error had some conceivable effect on the outcome is insufficient.  Id. at 694.

      1.   Failure to Cross-Examine

Petitioner DeJesus argues that his trial counsel was deficient by failing to cross-examine Government witnesses and by conceding the interstate element of the felony gun charge.[5] DeJesus asserts that in his first trial his counsel vigorously cross-examined the Government witness who testified to the origin of the handgun, creating enough doubt to lead to a hung jury. (Pet. at 9.)  Thus, DeJesus argues, his counsel should have

---

[5] Felony gun possession has three elements: (1) the defendant must "have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year"; (2) the defendant must have been in possession of the firearm; and (3) the firearm must have been possessed "in or affecting commerce."  18 U.S.C. § 922(g)(1).

7

pursued the same effective strategy at the retrial.  Counsel at the retrial, though, failed to cross-examine any of the three Government gun witnesses and conceded the interstate element.  DeJesus further maintains that counsel's deficient performance prejudiced him because, but for the lack of cross-examination, there would have been a sufficient likelihood that the jury would have acquitted him.  (Pet. at 10.)

The Government's burden of proving the interstate element is not difficult to meet.  Evidence that a firearm was manufactured outside of the state in which it was possessed, and that the firearm necessarily crossed state lines at some point in the past, is sufficient to establish that the firearm traveled in interstate commerce.  United States v. Singletary, 268 F.3d 196, 200 (3d Cir. 2001).

Petitioner does not satisfy the high threshold required for an ineffective assistance of counsel claim.  In the first instance, Petitioner fails to prove that his counsel was deficient.  Petitioner's counselor tactically chose not to focus on the interstate element in the second trial but, rather, to attack the possession component of the felony gun charge.  Counsel reasonably determined that the interstate component was less susceptible in the second trial since the Government bolstered its case by adding two more witnesses to testify as to the make and origins of Petitioner's gun.

Indeed, counsel was aware that cross-examining Government witness John Cowman might have harmed Petitioner's defense. Specifically, the Government presented Mr. Cowman as a lay witness to testify as to the manufacturing location and company of the DeJesus's firearm. In accordance with Rule 701 of the Federal Rules of Evidence,[6] the Government was prohibited from presenting to the jury Mr. Cowman's extensive and lengthy professional background in gun markings. (Trial Tr. at 193.) Mr. Cowman worked for years with Galena, which is the successor to Arcadia, the manufacturer of the gun in question. (Id. at 196,198.) Rather, Mr. Cowman's testimony was confined to his personal observations as an employee of the gun manufacturer and his personal experience with this model of firearm. (Id. at 196.) However, had defense counsel cross-examined Mr. Cowman, his expertise would potentially have been fertile ground on re-direct by the government. A witness, lay or otherwise, cannot lie on the stand, so any line of cross-examination that questioned Mr. Cowman's credentials could be answered by presenting his professional resume, as this Court pointed out to

---

[6] Rule 701 limits non-expert testimony to "those opinions or inferences which are. . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. The purpose of this Rule is to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory committee's note.

defense counsel in colloquy before Mr. Cowman testified.  (Id. at 197-98.)  Therefore, cross-examination by defense counsel may have actually strengthened Cowman's testimony and credibility in the eyes of the jury.  (Id. at 197-98.)  Certainly, it was a reasonable, professional opinion to avoid this outcome.  See United States v. Williams, No. 02-3876, 2003 WL 21664301 (3d Cir. July 15, 2003) (holding failure to cross-examine witness was reasonable where witness may have undermined defense).

Instead, defense counsel chose to vigorously cross-examine the arresting officer, believing she could cast doubt as to Petitioner's possession of the gun.  (Trial Tr. at 254-293.) There is nothing unreasonable about a strategy that focuses on what counsel perceives to be the weakest link, conceding other elements that may not reasonably be worth disputing.  See Pavel v. Hollins, 261 F.3d 210, 217 (2d Cir. 2001) (defining strategy as a "conscious, reasonably informed decision made by an attorney with an eye to benefitting his client.").  In this case, defense counsel's tactical decisions were fully reasonable.

Indeed, counsel's performance does not compare to behavior deemed deficient in other cases.  See Burdine v. Johnson, 262 F.3d 336 (5th Cir. 2001) (sleeping while evidence was introduced); Stouffer v. Reynolds, 214 F.3d 1231 (10th Cir. 2000) (failing to make opening statement).  Nor does it parallel Dixon v. Snyder, 266 F.3d 693 (7th Cir. 2001), a decision Mr. DeJesus

10

cites in his petition.  In that case, the defense attorney failed to cross-examine the sole eyewitness, even though that witness had previously recanted his identification of the defendant.  Id. at 696.  The Seventh Circuit held that counsel's failure to cross-examine was not strategic but an unreasonable ignorance of the law, for which there was no rational explanation.  Id. at 703.  In contrast, DeJesus's counsel acted rationally and reasonably by focusing on what she perceived as the weakest element of the felony gun charge.

In any event, even assuming for the sake of argument that Petitioner's counsel was deficient, Petitioner fails to prove that her conduct prejudiced his case.  Petitioner DeJesus argues that had his counsel disputed the interstate commerce element, the outcome would likely mirror the first trial, resulting in a mistrial.  (Pet. at 10.)  However, as noted above, the Government added substantial new evidence through two witnesses at the retrial, strengthening the interstate element.  Witness Mark Straup offered testimony that his New Jersey company had acquired and sold an AMT firearm bearing the exact same serial number as the firearm in question.  (Trial Tr. at 308-317.)  Further, witness John Cowman introduced into evidence manuals for the firearm in question showing that the place of manufacture of the firearm was Irwindale, California.  (Id.  at 363-375.)  Mr. Cowman also offered his personal opinion, based on a lengthy

11

career with the firearm manufacturer, that the weapon in question was made outside of New Jersey.  (Id. at 363-375).

The effect of these additional witnesses was to strengthen the Government's case such that what may have been effective in the first trial would not necessarily work in the retrial.  The interstate element was less vulnerable and as a result the jury likely would have been less susceptible to counsel's cross-examination of the Government witnesses.  Neither Mr. Cowman nor Mr. Straup had any reason to give incorrect evidence about the interstate character of this firearm, and even today the Petitioner does not identify some plausible cross-examination strategy that might have eroded the facts of the California manufacture of the AMT .380 caliber handgun.  Therefore, this Court concludes that cross-examining the Government's interstate witnesses would not have made enough of a difference to cast doubt upon the outcome.  Accordingly, Petitioner was not prejudiced by his counsel's new strategy.  For the above reasons, counsel's failure to cross-examine certain Government witnesses did not violate the Sixth Amendment.

          2.   <u>Failure to protect rights secured under *Apprendi* and *Booker*</u>

Petitioner DeJesus also argues that his trial counsel was ineffective by not contesting the upward enhancements of his sentence.  DeJesus maintains that any enhancement, other than for a prior conviction, should have been submitted to a jury and

12

proved beyond a reasonable doubt.  (Pet. at 13.)  In both his petition and his response to the Government's answer, DeJesus bases his argument on Booker and Apprendi, asserting that his counsel ignored these well established precedents.  However, as discussed above, Petitioner's arguments under Booker are without merit.  The Court properly imposed an upward adjustment within the Guidelines, which was affirmed on appeal to the Third Circuit.  Therefore, Petitioner's counsel acted within professional norms, precluding a finding of ineffective assistance of counsel.

    C.   Inadmissible Evidence

Lastly, Petitioner DeJesus claims that he is entitled to a new trial due to admission of expert testimony in violation of Rule 701 of the Federal Rules of Evidence.  (Pet. at 11.)  Petitioner failed to raise this objection on appeal.  In United States v. Frady the Supreme Court held that when a prisoner bases a habeas petition on claims not objected to at trial or brought up in appeal, he or she must show (1) "cause" excusing the procedural default and (2) "prejudice" resulting from the errors of which he or she complains.  456 U.S. 152, 167-68 (1982).  The Court explained that, in the interest of finality, habeas petitions should almost never be a means of overturning final convictions where the defendant waived or failed to appeal his or

her claim.  Id. at 164.  Petitioner here can not satisfy the requirements of Frady.[7]

DeJesus argues that Government witness John Cowman offered impermissible expert testimony as to the origin of the firearm in question.  (Pet. at 10.)  The trial court, DeJesus maintains, erred in allowing this testimony, thereby entitling him to a new trial.  (Pet. at 11.)  Moreover, Petitioner DeJesus argues that his appellate counsel acted ineffectively by not raising the claim on appeal.  (Resp. to Gov't Answer at 3.)  A prisoner may show cause for a procedural default by proving that his or her counsel acted ineffectively.  Murray v. Carrier, 477 U.S. 478, 487 (1986).  In order to claim ineffective assistance of counsel, the petitioner must satisfy the Strickland analysis (see discussion supra Part II,) by showing that counsel's failure to raise the issue on appeal was (1) deficient and (2) prejudiced the outcome.  466 U.S. at 687.  In determining deficiency a court should excuse tactical reasons for failure to raise an issue on appeal, even if that strategy, in hindsight, was mistaken.  Murray, 477 U.S. at 487.

In this case, DeJesus fails to prove either deficiency or prejudice and, therefore, cannot satisfy the first prong of the Frady analysis.  Petitioner DeJesus argues that his counsel

---

[7] The "cause" and "prejudice" standard is stricter than a traditional "plain error" standard of direct appeals.  Frady, 456 U.S. at 164.

14

provided ineffective assistance by failing to appeal the admissibility of Mr. Cowman's testimony.  (Resp. to Gov't Answer at 4.)  DeJesus maintains that failure to appeal such an obvious mistake was an unprofessional lapse which undermines confidence in the appellate court's affirmation of his guilty verdict.  (Id. at 4-7.)  However, counsel's decision not to appeal Cowman's testimony, but instead focus on the Batson and possession claims, falls squarely within the realm of professional strategy.

In Jones v. Barnes, the Supreme Court emphasized the importance for counsel on appeal to focus on one or two key issues, ignoring claims that might distract from these key arguments.  463 U.S. 745, 752 (1983).  Attorneys, the Court explained, should exercise their professional discretion and argue what they consider their strongest point since "[l]egal contentions, like the currency, depreciate through over-issue."  Id. at 752 (quoting Justice Jackson, Advocacy Before the Supreme Court, 25 Temple L.Q. 115, 119 (1951)).

In this case, counsel reasonably chose to focus on two of the issues she concentrated on during the trial and not reargue the admission of Mr. Cowman's testimony.  Having contested Mr. Cowman's characterization once, counsel may have been convinced by this Court's Rule 701 analysis, or, at least, believed it sufficiently strong to make an appeal futile.  Certainly, Petitioner has not demonstrated that permitting Cowman to testify

15

to matters within his professional knowledge and experience was incorrect.  In any event, as discussed, it is immaterial whether appellate counsel's strategy proved to be effective or correct.  <u>Murray</u>, 477 U.S. at 487.  Counsel's representation is not rendered deficient as long as that strategy falls within the wide scope of reasonableness, which it does here.

   Regardless, even assuming, <u>arguendo</u>, that counsel's decision not to appeal Mr. Cowman's testimony was deficient, DeJesus has not convinced this Court he was prejudiced by the admission of the testimony.  Mr. Cowman was one of three witnesses called by the Government to testify as to the origin of Petitioner DeJesus's firearm.  In addition to Mr. Cowman, the Government called Michael Cooney as an expert witness to give extensive testimony identifying the firearm.  (Trial Tr. at 376-388.)  The Government also offered John Straup's testimony in order to prove that DeJesus's firearm was manufactured out of state and sold in interstate commerce.  (Trial Tr. at 307-317.)  Though it is impossible for this Court to exactly pinpoint why the jury found DeJesus guilty, it is a reasonable assumption that Cowman's testimony was not the sole determining factor.  Even had Cowman's testimony been prohibited, the Government still had two other witnesses, one of whom testified as to the interstate nexus.  DeJesus was, thus, not prejudiced by the admission of Cowman's testimony.

For these reasons, DeJesus does not demonstrate the requisite prejudice.  The Court will not excuse his procedural default.

IV.  Conclusion

For the foregoing reasons, Mr. DeJesus's petition for writ of habeas corpus will be denied.  The accompanying Order is entered.


**July 15, 2005**                         **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge